**EXHIBIT A**

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0004 7451 53

FEDEX OFFICE AND PRINT SERVICES, INC.
C. T. Corporation System
5098 WASHINGTON STREET WEST
SUITE 407
CHARLESTON, WV 25313

**Kris Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
888-767-8683
Visit us online:
www.wvsos.com

| | |
|---|---|
| **Control Number:** 351073 | **Agent:** C. T. Corporation System |
| **Defendant:** FEDEX OFFICE AND PRINT SERVICES, INC.<br>5098 WASHINGTON STREET WEST<br>SUITE 407<br>CHARLESTON, WV 25313 US | **County:** Kanawha<br>**Civil Action:** CC-20-2025-C-1456<br>**Certified Number:** 92148901125134100004745153<br>**Service Date:** 12/17/2025 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*[signature]*

Kris Warner
Secretary of State

# EXHIBIT A

# SUMMONS

E-FILED | 12/12/2025 1:34 PM
CC-20-2025-C-1456
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Florence Johnson v. Fedex Corporation

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Fedex Office and Print Services, Inc., CT Corporation System, 5098 Washington St. W, STE 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Nathan Chill, 203 B Street, , Saint Albans, WV 25177

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

12/12/2025 1:34:55 PM                    /s/ Cathy S. Gatson
_____                    _____
        Date                                    Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint t _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

_____            _____
       Date                         Server's Signature

**EXHIBIT A**

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FLORENCE JOHNSON,**

    **Plaintiff,**

v.                                                                                            **CIVIL ACTION NO.:**
                                                                                          **JUDGE:**

**FEDEX CORPORATION and FEDEX
OFFICE AND PRINT SERVICES, INC., and
FEDEX OFFICE,**

    **Defendants.**

### COMPLAINT FOR DAMAGES

NOW COMES the Plaintiff, Florence Johnson, by counsel, Nathan J. Chill, Esq. and Kevin P. Davis, Esq., and complains and alleges as follows:

### PARTIES

1. Plaintiff, Florence Johnson (hereinafter "Plaintiff") is and was at all times relevant hereto, a resident of Hinton, Summers County, West Virginia.

2. Defendant <u>Fedex Corporation</u> is and was at all times relevant hereto, a foreign corporation authorized and doing business in West Virginia, with its principal office and mailing address being 942 Shady Grove Rd S, Memphis, TN 38120-4117; and with a registered agent address of CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546.

3. Defendant <u>Fedex Office and Print Services, Inc.</u> is and was at all times relevant hereto, a foreign corporation authorized and doing business in West Virginia, with its principal office address being 7900 Legacy Drive, Plano, TX 75024; with its mailing address being C/O C. Edward Klank III, 942 South Shady Grove Road, Memphis, TN 38120; and with its Notice of Process Address being CT Corporation System, 5098 Washington St. W STE 407, Charleston, WV 25313.

1

4. Defendant Fedex Office is a business located at 400 Capitol St., Charleston, WV 25301, phone number 304-343-1400, and is the premises where the subject incident occurred.

5. Upon information and belief, Defendants were at all times relevant hereto doing business collectively and independently as the "FedEx/Kinkos" establishment/store, or "Fedex Office," physically located at 400 Capitol St., Charleston, WV 25301, phone number 304-343-1400.

6. All Defendants do business in Charleston/ Kanawha County, West Virginia, or did business in Charleston, Kanawha County, West Virginia at the time of the events set forth in this Complaint.

7. Upon information and belief, at all times material hereto, the subject Fedex/Kinko's Establishment was a wholly owned subsidiary of, and was operated, managed, maintained and controlled by, all named Defendants. All Defendants were owners and de facto "licensees" of the subject Fedex/Kinko's Establishment, based upon their actual ownership, operation, management and control of the subject Fedex/Kinko's Establishment.

8. At all times material hereto, all named Defendants exercised extensive authority over the subject Fedex/Kinko's Establishment, which included, but was not limited to, management, maintenance, inspection, training, staffing, and policy and procedure creation and implementation.

9. At all times material to this action, all named Defendants exercised control of the subject Fedex/Kinko's Establishment, including creation and maintenance of overlapping, interlocking corporate officers and boards of directors, transfer and utilization of employees between subsidiary and parent corporations without regard to corporate form, and combined

**EXHIBIT A**

accounting processes and bookkeeping procedures including intra-corporate transfers of assets and liabilities.

10. At all times material to this action, all named Defendants were the alter egos of the subject Fedex/Kinko's Establishment, and exercised such control of the operation and management and maintenance functions of the subject Fedex/Kinko's Establishment, that the entity served as a mere conduit through which all named Defendants conducted their business.

11. In the alternative, Plaintiff alleges that at the times material to this action, the subject Fedex/Kinko's Establishment acted as the agent of all named Defendants, in that all named Defendants ratified or authorized the acts and/or omissions of the subject Fedex/Kinko's Establishment.

12. In the alternative, Plaintiff alleges that to the extent all named Defendants are found to be separate corporate entities, each Defendant remains liable for the acts of the others, as the Defendants operated the facility as a joint enterprise and/or joint venture. Defendants entered into an express or implied agreement to operate the subject Fedex/Kinko's Establishment. Defendants shared a common interest and purpose in the operation of this facility. All named Defendants shared authority over the management and operation of the subject Fedex/Kinko's Establishment, including but not limited to, the inspection for, remediation of, and warnings for hazards on the premises.

## JURISDICTION AND VENUE

13. Pursuant to *West Virginia Code* section 51-2-2, this is an action for damages in excess of the jurisdictional limits of this Court.

14. The incident giving rise to this cause of action, as well as the acts and omissions alleged in this Complaint, occurred in Charleston, Kanawha County, West Virginia, and

EXHIBIT A

therefore, the Defendants are subject to the personal jurisdiction of this Court, and venue is proper in this Court.

15. The Plaintiff's allegations, described more fully below, arise from certain statutory and common law obligations, and subject matter is, therefore, appropriately vested in this Court.

## FACTUAL ALLEGATIONS

16. On or about December 13, 2023, Plaintiff was a patron and customer inside the subject Fedex/Kinko's Establishment, physically located at 400 Capitol St., Charleston, WV 25301.

17. While walking on the inside premises of the establishment, Plaintiff tripped and fell on an unforeseen, camouflaged tripping hazard on the floor of the premises, in the area of pedestrian traffic, proximately causing her to fall, and proximately causing the bodily injuries and damages set forth in this Complaint, including but not limited to, permanent injuries. See Photo.

EXHIBIT A



18. The unforeseen tripping hazards were unknown to Plaintiff at any time prior to tripping and falling, which were neither open nor obvious to the Plaintiff.

19. The area where Plaintiff tripped and fell, the interior premises of the subject Fedex/Kinko's Establishment, was a reasonable path of customer travel on the inside premises of the subject Fedex/Kinko's Establishment, which was known or should have been known to Defendants.

20. Defendants, by and through their owners, agents, and/or employees, owned, operated and were in exclusive control of said premises, including, but not limited to, the subject hazards set forth herein.

21. Defendants, by and through their owners, agents, and/or employees, managed and maintained the subject premises, including, but not limited to, the area containing the subject hazards set forth herein.

5

**EXHIBIT A**

## COUNT I: NEGLIGENCE

22.  Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

23.  Defendants had a duty to keep their premises in a reasonably safe condition.

24.  At all times relevant herein, the Defendants' actions toward the Plaintiff were negligent in one or more of the following particulars:

   a.   Defendants breached their duty to exercise ordinary care to keep their premises in a reasonably safe condition;

   b.   Defendants failed to fix hidden dangers and/or defects on their property, including but not limited to, removal of dangerous camouflaged and uneven walking surfaces inside their premises that could cause bodily injury;

   c.   Defendants failed to warn of hidden dangers and/or defects on their property, including but not limited to, dangerous camouflaged and uneven walking surfaces inside their premises that could cause bodily injury;

   d.   Defendants failed to reasonably inspect their premises for dangerous conditions, including but not limited to, dangerous camouflaged and uneven walking surfaces inside their premises that could cause bodily injury;

   e.   Defendants failed to have reasonable inspection policies and procedures for the detection and prevention of hidden dangers and/or defects on their premises, including but not limited to, reasonable inspection policies and procedures that would prevent a customer from encountering dangerous

        camouflaged and uneven walking surfaces inside their premises that could cause bodily injury;

    f.    Defendants permitted hidden dangers and/or defects to exist on their premises and failed to provide an adequate warning to advise patrons of their existence or a barrier to prevent injury to them, including but not limited to, dangerous camouflaged and uneven walking surfaces inside their premises that could cause bodily injury;

    g.    Defendants were otherwise negligent by virtue of other acts and omissions known and unknown to the Plaintiff.

25. Defendants recklessly and/or negligently maintained said premises by permitting hidden dangers and/or defects to exist thereon, in the form of dangerous camouflaged and uneven walking surfaces inside their premises that could cause bodily injury, as described above, and Defendants knew or should have known of the danger and risk these dangers and/or defects presented to the public.

26. The trip hazards maintained by Defendants caused Plaintiff to trip, causing her to fall, and causing him to suffer serious, permanent injury.

27. Defendants are also negligent as the trip hazards violate various State and Federal rules, laws, codes, statutes, regulations as well as various industry standards and building codes and principles.

28. Defendants, by and through its owners, agents, and/or employees knew or should have known of the foreseeable risk of serious harm that could occur to its patrons and guests, like Plaintiff, by permitting the hidden dangers and/or defects to exist and failing to provide an

adequate warning to advise patrons and guests of their existence or barrier to prevent injury to them.

29. The Defendants knew or should have known that the subject premises was hazardous if it was not safely maintained.

30. The Defendants owed a duty of care to the people that walk on the premises of their facilities to keep it in a manner that does not allow hazardous conditions to develop and then fail to make them safe.

31. The Defendants are responsible through the actions and non-actions of their employees, agents, and representatives and had a duty to make sure the premises was safe for the public. There were no caution or warning signs in place at the time Plaintiff tripped and fell to warn her of danger.

32. The hidden dangers and/or defects on Defendants' property, including but not limited to, dangerous camouflaged and uneven walking surfaces inside their premises that could cause bodily injury were not open, obvious, reasonably apparent or as well known to the Plaintiff as they were to the Defendants.

33. At all times relevant herein, Defendants acted in a grossly negligent and reckless manner by failing to place warning signs around the hazards.

34. As a result of the gross negligence of the Defendants, Plaintiff sustained severe, debilitating, and permanent injury on or about December 13, 2023.

35. The gross negligence of the Defendants described herein is the proximate cause of the Plaintiff's injuries and damages discussed herein.

36. As a direct and proximate result of the grossly negligent conduct of the Defendants, Plaintiff has been otherwise injured and damaged.

**EXHIBIT A**

37. Defendants are liable to the Plaintiff for all injuries and damages proximately caused by the Defendants, described herein or otherwise.

38. Upon information and belief, the injuries to Plaintiff proximately caused by the gross negligence and reckless conduct of the Defendants, are permanent.

39. As a direct and proximate result of the breach of the aforementioned duties, gross negligence, carelessness and recklessness of the Defendants, as set forth above, Plaintiff Florence Johnson suffered bodily injury and related damages; has undergone medical treatment; has suffered permanent injury; has incurred medical expenses and will incur additional medical expenses in the future; has endured physical and mental pain and suffering, both in the past and in the future; has sustained an impairment of the capacity and ability to enjoy life both past and future; has incurred lost wages and related benefits, and will continue to do so in the future; has suffered a loss of earning capacity, and will continue to do so in the future; has incurred the loss of household services in the past and will continue to do so in the future; has incurred other economic and non-economic damages, and will continue to do so in the future; has in the past suffered annoyance, inconvenience, anxiety, aggravation, mental anguish, humiliation, embarrassment, emotional distress, a loss in ability to perform daily activities and will continue to so in the future.

**WHEREFORE,** Plaintiff respectfully demands judgment against all Defendants, jointly and severally, in the amount that will fully and fairly compensate the Plaintiff for all her injuries and damages proximately caused by the negligence and reckless conduct of the Defendants, including but not limited to: (1) special damages for the Defendants' negligence; (2) general damages for the Defendants' negligence; (3) prejudgment and postjudgment interest; (4) punitive damages in an amount sufficient to punish the Defendants for their gross negligence and reckless

conduct and deter like conduct in the future; (5) costs and expenses of this action, including attorney's fees; (6) all other damages set forth in this Complaint; (7) all other damages proximately caused by the negligence and reckless conduct of the Defendants; (8) all other damages otherwise available to Plaintiff under West Virginia law, and (9) such other and further relief as deemed just and proper by the Court.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

               FLORENCE JOHNSON
               BY COUNSEL,

               */s/ Nathan J. Chill*
               Nathan J. Chill (WVSB#8793)
               P.O. Box 687
               Poca, WV 25159
               304-549-8695
               nathanjchill@gmail.com


               */s/ Kevin P. Davis*
               Kevin P. Davis (WVSB#8687)
               P.O. Box 6067
               Charleston, WV 25362
               304-380-9080
               kevin@kpd.legal